UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA NEWTON,

          Plaintiff,

   v.

JP MORGAN CHASE & CO., *et al.*,

          Defendants.

Case No. C22-790-RAJ-MLP

ORDER

This matter is before the Court on: (1) Defendant Experian Information Solutions, Inc.'s ("Experian") "Motion to Extend the Fact Discovery and Dispositive Motion Deadline" ("Experian's Motion" (dkt. # 50)); and (2) Defendant Equifax Information Services, LLC's ("Equifax") "Notice of Settlement as to Equifax" ("Equifax's Notice" (dkt. # 53)).

Discovery is currently scheduled to end February 24, 2023. (Dkt. # 19.) However, based on the parties' stipulation, the Court has granted Equifax permission to take Plaintiff Melissa Newton's deposition by March 8, 2023. (Dkt. # 47.) Dispositive motions are currently due by March 27, 2023. (Dkt. # 19.) No trial date has been set.

Equifax's Notice informs the Court that it and Ms. Newton "have settled all claims between them in this matter" and expect to file dismissal papers within 30 or 60 days. (Equifax's

ORDER - 1

1  Not. at 1.) Equifax "request[s] that the Court vacate all pending deadlines in this matter as to
2  Equifax only" and retain jurisdiction "for any matters related to completing and/or enforcing the
3  settlement." (*Id.*)

4  Experian's Motion seeks a 60-day extension of discovery and dispositive motion
5  deadlines because its previous national and lead counsel has taken a "sudden and unexpected
6  medical leave" and its new lead counsel, who first appeared in this case on February 15, 2023
7  (dkt. # 48), requires time to review the file in this matter and consult with the client. (Experian's
8  Mot. at 2.) Experian states that Equifax's Rule 30(b)(6) deposition is currently scheduled for
9  February 22, 2023, and its new lead counsel does not have sufficient time to prepare for it. (*Id.*)

10  Experian avers that Equifax does not oppose Experian's Motion. (Experian's Mot. at 2.)
11  Ms. Newton opposes the Motion on numerous bases but primarily because, according to Ms.
12  Newton, Experian has abused discovery for months on end. ("Pl.'s Opp'n" (dkt. # 54) at 1.) Ms.
13  Newton details the ways that Experian has refused to follow this Court's scheduling order. For
14  example, Ms. Newton explains that Experian has not propounded a single discovery request,
15  refused to respond to Ms. Newton's discovery requests, and refused to sit for a deposition. (*Id.* at
16  2.) Having reviewed the materials provide by Ms. Newton, the Court notes that Experian failed
17  to respond to Ms. Newton's discovery request which were propounded over four months ago on
18  October 12, 2022. (*See* Mitchell Decl., Ex. A (dkt. # 54-2).) At that same time, Ms. Newton
19  sought to take Experian's deposition. (*Id.*) To date, Experian has not provided any information,
20  refused to respond to written discovery, and refused to sit for a deposition. (Mitchell Decl. (dkt. #
21  54-1) at ¶ 5(d).)

22  As stated in the Court's Scheduling Order, discovery and motions deadlines will be
23  altered "only upon good cause shown." (Dkt. # 19 at 2; *see* Fed. R. Civ. P. 16(b)(4).) Although

ORDER - 2

the Court would normally find counsel's medical emergency to warrant good cause for an extension, as explained by Ms. Newton in her opposition, the sudden illness here occurred after the time for Experian to propound discovery had passed and only eight days before the close of discovery. (Pl.'s Opp'n at 5.) Although the Court agrees that Experian's new counsel should be afforded some additional time to get up to speed in the case, the Court finds restarting the clock to afford Experian time to propound discovery would be prejudicial to Ms. Newton. The Court further finds that there are two attorneys for Experian and only one of them needs time to get up to speed. Accordingly, the Court finds good cause has been shown to extend the discovery deadline by 14 days. The Court GRANTS in part and DENIES in part Experian's Motion (dkt. # 50) and ORDERS the Scheduling Order (dkt. # 19) modified as follows:

| Discovery to be completed by | 03/10/2023 |
| --- | --- |
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 04/10/2023 |

Based on Equifax's Notice of settlement of this case, and it appearing that no issue remains for the Court's determination, IT IS ORDERED that all claims between Equifax and Ms. Newton are DISMISSED with prejudice and without costs to any party. In the event that settlement is not perfected, any party may move to reopen the case within **sixty (60) days** of the date of this order. Any pretrial dates previously set are hereby VACATED as to Equifax.

Dated this 21st day of February, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3