1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA NEWTON,

                Plaintiff,

    v.

JP MORGAN CHASE & CO., *et al.*,

                Defendants.

Case No. C22-790-RAJ-MLP

ORDER

## I.      INTRODUCTION

This matter is before the Court on: (1) the parties' stipulated motion to seal confidential material produced by Defendant Experian Information Solutions, Inc. ("Experian") during discovery ("Stipulated Motion to Seal" (dkt. # 68)); and (2) Plaintiff Melissa Newton's unopposed motion to seal confidential material produced by dismissed defendant JPMorgan Chase Bank, NA ("Chase") ("Unopposed Motion to Seal" (dkt. # 76)). Having considered the parties' submissions, the governing law, and the balance of the record, the Court: (1) GRANTS in part and DENIES in part the parties' Stipulated Motion to Seal (dkt. # 68); and (2) GRANTS in part and DENIES in part Ms. Newton's Unopposed Motion to Seal (dkt. # 76).

## II.    LEGAL STANDARDS

Under the Court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Civil Rule ("LCR") 5(g); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To rebut this presumption, a party must file a motion that includes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). Where, as here, documents are "more than tangentially related to the merits of the case," there must be a compelling reason to seal them. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).

Under the "compelling reasons" standard, the party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179.

"In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the Restatements' definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *In re Electronic Arts*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008)

(quoting Restatement of Torts § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Id.* at 569 (quoting *Nixon*, 435 U.S. at 598).

A.    **Stipulated Motion to Seal**

The parties seek to seal excerpts from Experian's "Confidential Disclosure Log for Plaintiff"; "Confidential D/R Log for Plaintiff"; "Confidential Admin Report for Plaintiff"; and "Confidential Transaction Logs relating to Plaintiff" (together, "Experian's Confidential Information" (Second Mitchell Decl. (dkt. # 68-2), Ex. C (dkt. # 69))). (*See* Stip. Mot. to Seal at 2.) In addition, the parties seek to seal two pages from the transcript of the deposition of Experian's Rule 30(b)(6) witness ("Deposition Transcript" (Second Mitchell Decl., Ex. D (dkt. # 70) at 4-5). (*Id.*)

The Court finds there are compelling reasons to seal Experian's Confidential Information. According to a declaration by a legal and compliance analyst for Experian, the material is confidential and commercially sensitive, and further reflects trade secrets regarding Experian's proprietary matching system. (*See* Methvin Decl. (dkt. # 68-1) at 3-4, ¶¶ 8-10.) Further, disclosure of this material could harm Experian's competitive standing in the credit reporting industry. (*Id.*, ¶¶ 6-7.) The Court finds these compelling reasons outweigh the public's interest in access. The Stipulated Motion to Seal is granted with respect to Experian's Confidential Information.

The parties argue that "for the same reasons," the Deposition Transcript should be sealed. (Stip. Mot. to Seal at 5.) In the Transcript, Experian's attorney notes that questions are being asked about a document designated as confidential. (Dep. Tr. at 89:7-13.) No confidential or

commercially sensitive information about the document is revealed, however. The witness

merely reads a consumer statement provided by Ms. Newton, which has been provided in

unsealed material with personal telephone numbers omitted. (*See* Taylor Decl., Ex. B (dkt.

# 61-2) at 5.) Unlike Experian's Confidential Information, in which codes and procedures could

reveal proprietary information about Experian's unique matching system (*see* Methvin Decl.,

¶ 8), the deposition testimony does not disclose any trade secrets or commercially sensitive

information. Any sensitive information such as personal phone numbers can reasonably be

redacted. *See* LCR 5(g)(1) ("A party must explore all alternatives to filing a document under

seal."), 5(g)(1)(B) ("Parties must protect sensitive information by redacting sensitive information

. . . that the court does not need to consider.").

The Court concludes the parties have not met their burden to overcome the presumption

in favor of open access to court records. The Stipulated Motion to Seal is denied with respect to

the Deposition Transcript.

### B.    Unopposed Motion to Seal

Ms. Newton seeks to seal four one-page documents produced by Chase during discovery.

(*See* Unopp. Mot. to Seal; Mitchell Decl. (dkt. # 67-5), ¶ 4, Ex. A (dkt. # 77).) Ms. Newton

argues that the documents "contain[] internal business records that reflect proprietary processes,

practices, and procedures, as well as countless personal identifiers." (Unopp. Mot. to Seal at 4.)

She contends redaction would be inadequate because "disclosure of any part violates the terms of

the parties' protective order." (*Id.* at 5.) Attached to her attorney's declaration accompanying the

Unopposed Motion is an email from Chase's counsel, agreeing to the Motion and stating that

"[a]ll PII must be filed under seal[,]" presumably referring to "personal identifying information."

1    (Third Mitchell Decl. (dkt. # 76-1), Ex. C (dkt. # 76-4) at 3; *see In re Zappos.com, Inc.*, 888 F.3d

2    1020, 1023 (9th Cir. 2018) ("personal identifying information ('PII')").)

3           The Court's Protective Order applies to "personally identifying information of

4    Defendants' employees and former employees"; "tax or financial records of Plaintiff";

5    "proprietary business information relating to any Defendant"; "Internal business policies"; and

6    "Business records relating to non-parties." (Prot. Order (dkt. # 38) at 2.)

7           The first document Ms. Newton seeks to seal reveals five account numbers. (*See* Mitchell

8    Decl., Ex. A at 2.) Under the Court's local rules, "Financial Accounting Information" must be

9    "redact[ed] to the last four digits[.]" LCR 5.2(a)(4). Nothing else on the document appears to be

10   subject to the Protective Order or otherwise sensitive. Ms. Newton's Unopposed Motion to Seal

11   is denied with respect to this document, subject to refiling with redactions.

12          The second document is a letter from Chase to Ms. Newton. (Mitchell Decl., Ex. A at 3.)

13   Contrary to Ms. Newton's argument, this is not an internal business record nor otherwise subject

14   to the Protective Order. The Unopposed Motion to Seal is denied with respect to this document,

15   although Ms. Newton may refile with redaction of personal information such as addresses.

16          The third document appears to contain Chase's proprietary business information.

17   (Mitchell Decl., Ex. A at 4.) The Unopposed Motion to Seal is granted with respect to this

18   document.

19          The fourth document is an Automated Consumer Dispute Verification ("ACDV") form.

20   (Mitchell Decl., Ex. A at 5.) As explained by Experian in its pending motion for partial summary

21   judgment, ACDVs "are sent using an industry-wide platform" between credit reporting agencies

22   and credit data furnishers. (Iwanski Decl. (dkt. # 60), ¶ 12.) ACDVs are not internal business

23   records or proprietary business information. Sensitive information can be redacted, as Ms.

Newton did in another ACDV she submitted. (*See* Mitchell Decl., Ex. B (dkt. # 67-7) at 2.) The Unopposed Motion to Seal is denied with respect to this document, subject to refiling with redactions.

### III.    CONCLUSION

The Stipulated Motion to Seal (dkt. # 68) is GRANTED with respect to Experian's Confidential Information (dkt. # 69) and DENIED with respect to the Deposition Transcript (dkt. # 70). The Clerk is directed to maintain Exhibit C to the Second Mitchell Declaration (dkt. # 69) under seal, and directed to UNSEAL Exhibit D (dkt. # 70) pursuant to LCR 5(g).

The Unopposed Motion to Seal (dkt. # 76) is GRANTED with respect to Chase's proprietary business record (dkt. # 77 at 4) and DENIED with respect to the remaining documents (dkt. # 77 at 2-3, 5). The Clerk is directed to maintain Exhibit A to the Mitchell Declaration (dkt. # 77) under seal, and Ms. Newton is ORDERED to refile pages 2, 3, and 5 with redactions by no later than **June 16, 2023**.

Dated this 12th day of June, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge